JOHN P. HARTIGAN, Atty Gen., *ex rel. vs.* HORACE G. THORNTON, Town Clerk of Town of Smithfield.

NOVEMBER 19, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This is a petition for a writ of mandamus commanding the respondent to cause to be printed upon the ballots to be used at the election in Smithfield on the 6th day of November, 1934, the names of certain candidates for town offices.

On the 20th day of October, 1934, a nomination-paper, under the party designation "Independent," containing nominations of certain persons for town offices, was filed with the respondent, the town clerk of said town.   (G. L. 1923, C. 11, secs. 20, 12, P. L. 1930, C. 1515, s. 18.)   The respondent made a written entry on the nomination-paper as follows:   "Filed in Smithfield, R. I.   Oct. 20, 1934 at 4:53 P. M.   Witness:   Horace G. Thornton, Town Clerk." On October 22 respondent made the following entry thereon:

"October 22, 1934

Smithfield, R. I.

"I, Horace G. Thornton, Town Clerk of the Town of Smithfield, hereby certify that fifty-two (52) signatures on this Nomination Paper are names of Voters in the Town of Smithfield qualified to sign this Nomination Paper.

Horace G. Thornton

Town Clerk."

Thereafter, on the same day, the affidavits of eight voters who had signed said paper were delivered to the respondent. These affidavits were identical in form and statement. Therein each affiant stated that: "I did not understand what I was signing when I signed nomination-papers for the Independent Party in the Town of Smithfield" and directed the town clerk to remove his name as a signer of said paper. The respondent removed the names of these affiants with the result that the nomination-paper then contained the names of only forty-four qualified voters, and made the following entry on said paper:

"Smithfield, R. I.

October 22, 1934

at 4:47 P. M.

"Disqualified by Affidavits.

Horace G. Thornton

Town Clerk."

The question thus presented is: did the town clerk, after he had tested the signatures on the nomination-paper, determined their validity and recorded his determination on said paper, have legal authority to remove the affiants names?

Section 14, Chapter 11, G. L. 1923, provides that each voter signing a nomination-paper shall add to his signature

his place of residence. Such papers when filed are required to be open to public inspection. (Sec. 21) It is the duty of the voter to attend to the proper entry of his name upon the voting list; and his name as it appears on the voting list is the standard by which the signatures to nomination-papers are to be tested. *Attorney General* v. *Clarke*, 26 R. I. 470. After a nomination-paper is filed with the proper official, a candidate can not change the paper or add thereto the names of other voters. The statute (P. L. 1931, C. 1758) authorizes a candidate within a limited time after the filing of the nomination-paper to withdraw his candidacy. But it does not authorize a signer of the paper to withdraw his signature. If he could do that, the candidate, by relying upon the signatures obtained, would be deprived of the opportunity to obtain others to replace them.

The affiants admit the genuineness of their signatures. They make no charge of fraud in their affidavits. The case of *Attorney General* v. *Clarke*, *supra*, on which the respondent relies, does not support his contention that he had legal authority to remove the affiants' names. In the *Clarke* case the court refused the prayer for a writ of mandamus to the city clerk of the city of Providence but only after a hearing and a determination by the court on affirmative proof that certain signatures on the nomination-papers were forgeries. See also *Dupre* v. *St. Jacques*, 51 R. I. 190.

For the reasons stated we decide that the removal of affiants' names by the respondent was unauthorized.

The prayer for a writ of mandamus has already been granted by a rescript heretofore filed.

*William A. Needham*, for petitioner.
*James H. Kiernan, James A. McGuirk*, for respondent.